FAULKNER, Justice
(dissenting):
The petition for a writ of certiorari seeking a review of the Court of Civil Appeals’ reversal of a judgment of the Montgomery County Circuit Court refusing reinstatement of Blood Brothers’ liquor license is reversed by the majority. I would affirm.
On February 22, 1978, the Alcoholic Beverage Control Board revoked Blood Brothers’ liquor license for violation of ABC Regulation No. 44, which reads “No licensee ■shall permit topless or bottonless [sic] dancers or performers or any other lewd or indecent conduct on the premise of such licensee.” The revocation was based on two incidents, one in January, 1977, when an ABC inspector observed a topless dancer performing in the club and a citation was issued to the club which stated topless dancing violated Regulation No. 44. Later, in June, 1977, officers of the Mobile County Sheriff’s Department raided the club and found six dancers performing with their breasts uncovered. These dancers and one club operator were arrested and found guilty of indecent exposure. Blood Broth *222 ers petitioned the Montgomery County Circuit Court for reinstatement of its license and was unsuccessful. Its appeal to the Court of Civil Appeals resulted in a reversal of the trial court.
The ABC Board contends that Blood Brothers had no standing to challenge the vagueness of ABC Regulation No. 44 when it is not unconstitutionally vague as applied to them, and that the regulation is not so vague that it is constitutionally invalid.
Regulation No. 44 is not unconstitutionally vague as applied to Blood Brothers, which admitted that its dancers were performing topless and pleaded guilty to indecent exposure charges. Blood Brothers thus has no standing to challenge the regulation under the traditional test of standing. It does, however, have standing under the exception to the traditional test that was stated as follows in Young v. American Mini Theatres, Inc., 427 U.S. 50, 59-60, 96 S.Ct. 2440, 2447, 49 L.Ed.2d 310 (1976):
This exception from traditional rules of standing to raise constitutional issues has reflected the Court’s judgment that the very existence of some statutes may cause persons not before the Court to refrain from engaging in constitutionally protected speech or expression. See Broadrick v. Oklahoma, 413 U.S. 601, 611-614 [, 93 S.Ct. 2908, 2915-2917, 37 L.Ed.2d 830,] . . . Nevertheless, if the statute’s deterrent effect on legitimate expression is not ‘both real and substantial,’ and if the statute is ‘readily subject to a narrowing construction by the state courts,’ see Erznoznik v. City of Jacksonville, 422 U.S. 205, 216, 95 S.Ct. 2268, 2276, 45 L.Ed.2d 125, the litigant is not permitted to assert the rights of third parties.
The very existence of this regulation may cause certain persons not involved in this case to refrain from constitutionally protected expression, dancing, for fear of engaging in what could be found to be “other lewd and indecent conduct.” Dancing before an audience for entertainment is a medium of expression enjoying prima facie protection under the First Amendment. Such dancing, even topless dancing, loses that privileged status only because it is obscene. In Re Giannini, 69 Cal.2d 563, 446 P.2d 535, 72 Cal.Rptr. 655 (1968), cert. denied 395 U.S. 910, 89 S.Ct. 1743, 23 L.Ed.2d 223 (1969). In Doran v. Salem Inn, Inc., 422 U.S. 922, 932, 95 S.Ct. 2561, 2568, 45 L.Ed.2d 648 (1974), the United States Supreme Court stated:
Although the customary “barroom” type of nude dancing may involve only the barest minimum of protected expression, we recognized in California v. La-Rue, 409 U.S. 109, 118, 93 S.Ct. 390, 397, 34 L.Ed.2d 342 (1972), that this form of entertainment might be entitled to First and Fourteenth Amendment protection under some circumstances.
The regulation has a real and substantial effect on expression that is prima facie protected. ABC Regulation No. 44 is not readily subject to a narrowing construction, as has been evidenced by the Board’s rewriting the regulation in an attempt to make it more explicit.
The ABC Board argues that this First Amendment interest in nude dancing is outweighed by the state’s broad powers to regulate liquor under the Twenty-First Amendment, California v. LaRue, 409 U.S. 109, 118, 93 S.Ct. 390, 397, 34 L.Ed.2d 342 (1972), and thus Blood Brothers has no standing to sue. While the Court did approve of California’s regulation, prohibiting certain nude entertainment in establishments holding a liquor license, and stated that the Twenty-First Amendment gave the states broad latitude to ban such dancing as a part of their liquor licensing program, the California regulation was considerably more specific in stating the prohibited conduct than is ABC Regulation No. 44.[1]
*223 The ABC Board may enact regulations under the Twenty-First Amendment and the police power but such regulations still must be measured by the standards of the Constitution of Alabama. Although California v. LaRue gives alcoholic beverage control boards broader latitude under the Twenty-First Amendment to regulate expression in establishments licensed to sell liquor by the drink, it does not deny a party standing to challenge those regulations under the Young v. American Mini Theatres, Inc. exception when they are asserted to have constitutional faults such as vagueness or overbreadth.
ABC Regulation No. 44 is so vague as to be constitutionally invalid. What is “lewd and indecent conduct” is subject to numerous interpretations and definitions. The ABC inspector who investigated the violations, and an ABC administrator who testified at the hearing, could not furnish a uniform interpretation of the regulation. It is not clear if the Board intended the proscribed “lewd and indecent conduct” to be judged by obscenity standards, the indecent exposure statute in Code 1975, § 13-1-111, or some other standard. If the standard was obscenity, no determination was required to be made that the conduct was offensive to contemporary community standards and appeal to a prurient interest.
Furthermore, the regulation does not restrict topless dancing but topless dancers. It is not clear that the regulation would not bar a fully clothed topless dancer from the licensed premises. It is not certain from the language of the regulation whether all performers or just topless ones are prohibited.
The test to determine whether a statute, or in this instance a regulation, is void for vagueness is whether it is so vague that men of common intelligence must guess at its meaning and differ as to its application. Devine v. Wood, 286 F.Supp. 102 (M.D.Ala.1968). ABC Regulation No. 44 would leave men of ordinary intelligence puzzled as to its exact meaning and correct application. The Court of Civil Appeals was correct in holding the regulation unconstitutionally vague.
I would affirm.
BEATTY, J., concurs.

. California ABC Rule 143.3(1) provides in relevant part:
“No licensee shall permit any person to perform acts of or acts which simulate:
“(a) Sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or any sexual acts which are prohibited by law.
“(b) The touching, caressing or fondling of the breasts, buttocks, anus or genitals.
“(c) The displaying of the pubic hair, anus, vulva or genitals.”